69 F.3d 538
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Keith RODGERS, Defendant-Appellant.
 No. 94-2340.
 United States Court of Appeals, Sixth Circuit.
 Oct. 30, 1995.
 
 Before: KRUPANSKY, MILBURN, and NELSON, Circuit Judges.
 PER CURIAM.
 
 
 1
 On the day set for his trial in this criminal case, the defendant, Keith Rodgers, entered into a plea agreement with the government pursuant to Rule 11(e), Fed.R.Crim.P. The agreement incorporated a set of sentencing guideline worksheets which, in consonance with an explicit statement in Sec. 2B of the agreement, showed that Mr. Rodgers would be entitled to a two-level reduction in his offense level for acceptance of responsibility. Section 2A of the agreement recited that the worksheets "represent the joint position of the parties on the factors to be considered in calculating the appropriate sentence range under the sentencing guidelines...." Section 5 of the agreement, captioned "Waiver of Appeal," contained a promise by Mr. Rodgers "not to appeal the accuracy of any factor stipulated to in the attached worksheets."
 
 
 2
 The district court accepted the agreement. In accordance therewith Mr. Rodgers pleaded guilty to three of the five counts on which he had been indicted; the other two counts were dismissed. The parties had agreed in Sec. 2C that a sentence of imprisonment for up to 131 months could be imposed, but the court sentenced Mr. Rodgers to a total of 106 months.
 
 
 3
 Mr. Rodgers has appealed his sentence, contending that the district court committed clear error in calculating the guideline sentence range. He argues here--as he argued before the district court at the time of sentencing--that he qualifies for a three-level offense level reduction under U.S.S.G. Sec. 3E1.1(a) and (b), and not merely a two-level reduction under Sec. 3E1.1(a).
 
 
 4
 Mr. Rodgers does not deny that he entered into his plea agreement knowingly and voluntarily. It follows that "he cannot be excused from the plain meaning of [that] contract." United States v. Ashe, 47 F.3d 770, 776 (6th Cir.1995). The contract plainly commits Mr. Rodgers to the position that he should receive a reduction of two levels in his offense level, not three levels, and the contract plainly says that he will not appeal the accuracy of this or any of the other sentencing factors to which he stipulated. There were no sentencing factors on which the parties failed to reach agreement (see the second unnumbered paragraph of Sec. 2A of the agreement), and if the plain language of the plea agreement means anything, it means that Mr. Rodgers has given up his right to appeal the accuracy of the two-level reduction for acceptance of responsibility.
 
 
 5
 AFFIRMED.